**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MARIE COLEY,

    Plaintiff,

vs.                                CASE NO. 3:06-cv-619-J-20HTS

WAL-MART STORES EAST,
LP, a Delaware Limited
Partnership,

    Defendant.

_____

**O R D E R**

This cause is before the Court on Defendant Wal-Mart's Motion to Determine Plaintiff's Treating Physicians' Reasonable Fees for Attending Depositions (Doc. #19; Motion).[1]

The Motion asks the "Court to issue Orders determining reasonable fees for the depositions of Plaintiff Marie Coley's treating physicians Tod Northrup, D.O., John Carey, M.D., and Brian Haycook, M.D., who have been disclosed by Plaintiff as expert witnesses." Motion at 1. The physicians involved have not responded to the Motion. However, pursuant to the Joint Stipulation on Motion of Defendant Wal-Mart Stores East, L.P. to

---

[1] Although filed several months ago, the Motion was only recently referred to the undersigned by the Clerk's Office.

Determine Plaintiff's Treating Physicians' Reasonable Fees for Attending Depositions (Doc. #24; Stipulation), Defendant withdrew "its Motion as to John Carey, M.D[.]" Stipulation at 1. Further, Plaintiff withdrew "her objections to the Motion as it relates to . . . the rates charged by Brian Haycook, M.D. and Tod Northrup, D.O[.]" *Id.*

Defendant argues "Drs. Northrup . . . and Haycook [have] attempt[ed] to charge the exorbitant and unreasonable hourly rates of $1,000.00 . . . and $1,500, respectively, for their depositions. The Court should reduce and limit these excessive fees." Motion at 5 (also characterizing the fees as "grossly excessive . . . and inappropriate"). Federal Rule of Civil Procedure (Rule) 26(b)(4)(C) provides that, "[u]nless manifest injustice would result, the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B)[.]" The determination of a reasonable fee in this context "is within the discretion of the district court[.]" *Putnal v. Guardian Life Ins. Co. of Am.*, No. Civ.A. 5:04-CV-130-4, 2005 WL 3532381, at *2 (M.D. Ga. Dec. 22, 2005). In exercising its discretion,

> the Court may consider (1) the witness' area of expertise; (2) the education and training that is required to provide the expert insight . . . sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually

>being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

*Id.* (internal quotation marks omitted); *see also Dobson v. Matrixx Initiatives, Inc.*, No. 05-80984-CIV-RYSKAMP/VITUNAC, 2007 WL 842130, at *1 (S.D. Fla. Mar. 20, 2007).  Additionally, "the cost of living in the particular geographic area" may be taken into account.  *Fraser v. AOL LLC*, No. 3:06-cv-954-J-20TEM, 2008 WL 312670, at *1 (M.D. Fla. Feb. 4, 2008).  The fee proposed by a treating physician (as opposed to the rate requested by a specially retained expert) should be scrutinized in light of the fact that, "[w]hen knowledge gained in [the treating] relationship bears on an issue in controversy, the treating physician assumes the obligation born by all citizens to give relevant testimony."  *Id.* (internal quotation marks omitted).

According to Defendant, Dr. Northrup, an orthopedic surgeon, "expects to be paid $1,000.00 per hour for giving what will likely amount to little more than a garden-variety treating physician deposition.  Given that he has not treated Ms. Coley since April 2004," it is argued, "as a practical matter Dr. Northrup's testimony will likely be based, in large part or in whole, upon a

- 3 -

simple records review [undertaken during the deposition[2]] and recitation thereof." Motion at 7-8. Defendant has also attached the physician's curriculum vitae, *see* Exhibit E to the Motion, which in its estimation fails to establish Dr. Northrup as a preeminent expert or uniquely qualified surgeon whose testimony should command the level of compensation demanded. Motion at 7. The same points are leveled against Dr. Haycook's request for $1,500.00 per hour. *See id.* at 9. Finally, Movant contends "the fees [these] doctors are attempting to charge do not appear to bear any relationship to the amounts they charge patients in their clinical practices." *Id.*

Having carefully considered the arguments and evidence presented in the Motion, and having weighed such in the context of the relevant factors outlined above, the Court is persuaded the fees sought by these treating physicians should be reduced. As mentioned, the doctors have not responded to the Motion--nor have they otherwise established the reasonableness of the fees sought. Although the witnesses are highly trained orthopedic surgeons and are no doubt respected in the community, their curricula vitae fall short of convincing the Court the testimony to be provided warrants the payment of $1,000.00 or $1,500.00 per hour. Extrapolated to

---

[2] Movant notes that "no communications from Dr. Northrup's office prior to December 4, 2007 made any mention of deposition preparation time[.]" Motion at 8.

forty-hour work weeks for fifty weeks a year, these figures would equate to annual incomes of $2,000,000.00 and $3,000,000.00, respectively. *Cf. Dobson*, 2007 WL 842130, at *2 (discussing authority noting "that at a deposition rate of $420 per hour, the expert would earn $840,000.00 annually working 40 hours a week, 50 [weeks] a year"). It is also observed Dr. Northrup's office, in negotiating with Defendant, made an offer that included "one hour of deposition at $500[.]" Exhibit D, attached to the Motion, at [externally numbered] 8.

Accordingly, the Motion (Doc. #19) is **GRANTED** to the extent it is determined a reasonable fee for the testimony at issue would be $500.00 per hour, with any time spent after the first hour being paid at the rate of $125.00 for every fifteen minutes or portion thereof. To the extent deposition preparation is actually undertaken by the doctors, they are each to be compensated for up to half an hour of preparation time at the rate of $125.00 for every fifteen minutes.

As complete social security and tax identification numbers appear within the materials attached to the Motion, the Clerk of the Court is instructed to redact the first five digits of each. Additionally, the month and day of each birth date appearing therein shall be removed. Counsel are reminded to comply in the future with the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, Section II(I)(1), which states that

"[u]nless the court orders otherwise, an electronic filing made with the court that includes a social security number or an individual's tax identification number [or] birth date . . . may include only . . . [t]he last four digits of the social security number and tax identification number [and t]he year of birth[.]" *See also* Rule 1.01(a), Local Rules, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of March, 2008.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record and
     pro se parties, if any